UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONOVANE CODY,

      Plaintiff,

v.                                                              Case No. 3:26-cv-42-JEP-SJH

LT. AKINS, et al.,

      Defendants.

_____

## **ORDER**

Plaintiff, an inmate of the Florida Department of Corrections (FDC), initiated this action in the Fort Myers Division by filing a *pro se* complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1), along with a request to proceed as a pauper (Doc. 2). Because Plaintiff complains about conduct that occurred at Suwannee Correctional Institution (SCI), the Fort Myers Division transferred the case to the Jacksonville Division. *See* Order (Doc. 3).

In his complaint, Plaintiff names eight Defendants for alleged "unusual punishment," but the allegations supporting his purported claims are undeveloped or frivolous. For instance, Plaintiff says he was "choked out" and "beaten," but he does not say by whom. *See* Doc. 1 at 5, 10, 13. Notably, he does not accuse any of the named Defendants of beating him, but he implies that an unidentified prison "official" failed to protect him. *See id.* at 10. He further

alleges unnamed people (either at SCI or at a different correctional institution) manipulated the video footage of the attack to make it look like an "old stabbing back in 2019 or earlier." *Id.*

Aside from mentioning an alleged beating by an unknown and unidentified person or people, Plaintiff makes allegations that are not grounded in reality: Defendants C. Williams and Pelkins used remote control laser scanners to hack the camera system to make him "look like [he had] a penis in [his] face"; "they [have] free world people … watchin[g the inmates] shower"; "they" burned his feet and used tasers, mace, and whips on him; and "they" are watching his friends and family and went to his grandmother's and aunt's homes. *Id.* at 8–9.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the

---

[1] It is unclear which Defendants Plaintiff accuses of the various conduct of which he complains. He generally uses the vague subject "they" when describing the alleged violations. *See* Doc. 1 at 8–9. He mentions other Defendants by name, along with a host of other prison officials, including some at Florida State Prison, but his other allegations are largely nonsensical. *See id.* at 9.

2

same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*. *Iqbal*, 556 U.S. at 678. But, unlike Rule 12(b)(6), the PLRA permits judges "the authority … to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," or those that can be described as "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted)

3

(quoting in part *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). *See also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("Frivolous claims include [those] 'describing fantastic or delusional scenarios ….'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989))).

Plaintiff's complaint is subject to dismissal under the PLRA. Most of his allegations are of the "fanciful, fantastic, and delusional" variety and cannot be accepted as true. *Denton*, 504 U.S. at 32–33. The only allegations that do not fit into the category of "fanciful" are those about an alleged beating, but Plaintiff does not allege any named Defendant was involved or somehow responsible. In other words, accepting as true that someone physically battered Plaintiff, he alleges no facts demonstrating "an affirmative causal connection between the [named Defendants'] acts or omissions and the alleged constitutional deprivation." *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Even though *pro se* plaintiffs are held "to a less stringent standard than . . . attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court may not serve as Plaintiff's *de facto* counsel or rewrite his complaint "in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Because Plaintiff fails to state a plausible claim for relief against any named Defendant, his complaint will be dismissed without prejudice. The

4

Court will direct the Clerk to send Plaintiff a civil rights complaint form should he choose to pursue any plausible claims arising out of the alleged May 9, 2024 attack.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close this case.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint (prisoner) form. If Plaintiff chooses to refile his claim, he should use the form but not put this case number on it. The Clerk will assign a new case number if Plaintiff chooses to initiate a new case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:   Donovane Cody

5